United States District Court
Southern District of Texas
**ENTERED**
September 15, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HENRY & LYDIA ANSAH, § § Plaintiffs, § § v. § CIVIL ACTION NO. H-23-2488 § NATIONWIDE PROPERTY AND § CASUALTY INSURANCE COMPANY, § § Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Henry and Lydia Ansah (collectively, "Plaintiffs") brought this action against Nationwide Property and Casualty Insurance Company ("Defendant").[1] Plaintiffs assert breach of contract and related claims based on Defendant's alleged underpayment on a property insurance policy claim.[2] Pending before the court is Defendant Nationwide Property and Casualty Insurance Company's Opposed Motion to Deny Plaintiffs' Claim for Attorneys' Fees ("Defendant's Motion to Preclude") (Docket Entry No. 5). For the reasons stated below, Defendant's Motion to Preclude will be granted.

---

[1]Plaintiff's Original Petition - Expedited Action Under TRCP 169 ("Complaint"), Exhibit A to Notice of Removal, Docket Entry No. 1-1, p. 4. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Id. at 6 ¶¶ 10-11, p. 16 ¶ 51.

## I. Factual and Procedural Background

Plaintiffs purchased a property insurance policy from Defendant.[3] Plaintiffs allege that they "suffered a significant loss with respect to the property at issue" on February 17, 2021.[4] Plaintiffs allege that "Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious damages."[5] On July 30, 2022, Plaintiffs sent a Damages Estimate from an adjuster they hired, which concluded that the "Replacement Cost Value" of the loss was $102,954.66.[6] On May 30, 2023, Plaintiffs sent a Demand Letter to Defendant, requesting $88,402.22 in "Recoverable Cost Value," $56,185.98 in "Recoverable Depreciation (Damage Content)," $78,936.05 in "Actual Cash Value," and $10,000.00 in "Attorney fees and costs."[7] Plaintiffs filed this action 13 days later on June 12, 2023, in the 190th Judicial District Court in Harris County, Texas.[8]

---

[3] Id. at 6 ¶ 10.

[4] Id. at 4 ¶ 2, p. 6 ¶ 10.

[5] Id. at 6 ¶ 11.

[6] R. Martinez Consulting LLC's Damages Estimate ("Damages Estimate"), Exhibit A to Plaintiff's Response to Defendant's Opposed Motion to Deny Plaintiff's Claim for Attorneys' Fees ("Plaintiffs' Response"), Docket Entry No. 7-1, p. 20; Plaintiff's Estimate Email, Exhibit A-1 to Plaintiffs' Response, Docket Entry No. 7-2.

[7] Demand Letter, Exhibit A to Defendant Nationwide Property and Casualty Insurance Company's Reply in Support of Its Opposed Motion to Deny Plaintiffs' Claim for Attorney's Fees ("Defendant's Reply"), Docket Entry No. 8-1, p. 1.

[8] Complaint, Exhibit A to Notice of Removal, Docket Entry No. 1-1, p. 3.

Defendant filed its Answer on July 7, 2023.[9] Defendant pleaded that Plaintiffs did not provide adequate presuit notice as required by Tex. Ins. Code §§ 542A.003 and 542A.007(d).[10] The same day, Defendant removed the action to this court.[11] Defendant filed its Motion to Preclude on August 2, 2023.[12] Defendant argues that Plaintiffs cannot recover attorneys' fees incurred in this case after the filing of Defendant's Answer on July 7, 2023, because Plaintiffs did not provide adequate presuit notice at least 61 days before filing this action as required by Tex. Ins. Code § 542A.007(d).[13] Plaintiffs responded on August 23, 2023, arguing that their Damages Estimate sent on July 30, 2022, satisfied § 542A.007(d).[14] Defendant replied on August 28, 2023, arguing that the Damages Estimate does not qualify.[15]

## II. Legal Standard

Texas Insurance Code § 542A.003(a) requires a covered insurance claimant to give presuit notice to an insurer.[16]

---

[9] Defendant's Original Answer ("Defendant's Answer"), Exhibit B to Notice of Removal, Docket Entry No. 1-2.

[10] Id. at 1-2 ¶ A.

[11] Notice of Removal, Docket Entry No. 1.

[12] Defendant's Motion to Preclude, Docket Entry No. 5.

[13] Id. at 4 ¶¶ 10-11.

[14] Plaintiff's Response, Docket Entry No. 7, pp. 3-4 ¶ 6.

[15] Defendant's Reply, Docket Entry No. 8, pp. 1-2 ¶ 2.

[16] There is no dispute that Plaintiffs' claim falls within the purview of Chapter 542A.

Section 542A.003(b) requires that the notice must include "(1) a statement of the acts or omissions giving rise to the claim; (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and (3) the amount of reasonable and necessary attorney's fees incurred by the claimant." Upon timely motion by the defendant, "[t]he court shall abate the action if the court finds that the [defendant] . . . did not, for any reason, receive a presuit notice complying with Section 542A.003." Id. § 542A.005(b)(1). In addition, § 542A.007(d) allows the defendant to seek preclusion of attorney's fees if it timely pleads and proves that it was entitled to but did not receive a presuit notice "stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2)" at least 61 days prior to suit.[17]

---

[17] Defendant argues that § 542A.003 makes "presuit notice" a defined term such that § 542A.007(d) also implicitly requires preclusion of attorney's fees where presuit notice lacked other information listed in § 542A.003. A few courts appear to endorse Defendant's argument, but others have stated that attorney fee preclusion is only available where there is no notice stating the § 542A.007(d) sum. Compare Jordan Industries, LLC v. Travelers Indemnity Co. of America, Civil Action No. 7:21-cv-00114-O, 2022 WL 2719630, at *5 (N.D. Tex. April 12, 2022) with Mount Canaan Missionary Baptist Church v. Westchester Surplus Lines Insurance Co., Civil Action No. 4:19-CV-00660, 2019 WL 13114309, at *4 (S.D. Tex. Aug. 13, 2019) ("[O]nly compliance with Section 542A.003(b)(2)'s presuit notice of the specific amount alleged by the claimant is required under Section 542A.007(d) in order for the claimant to remain eligible for attorney's fees."). The court need not resolve this issue since Plaintiffs' cost estimate is not a presuit notice that complies with § 542A.003(b)(2).

### III. <u>Analysis</u>

Defendant timely pleaded that it was entitled to presuit notice and that it did not receive it.[18]  It is undisputed that Plaintiffs sent the May 30, 2023, Demand Letter less than 61 days before they filed this action.  The only question is whether Plaintiffs' Damages Estimate qualifies.  Tex. Ins. Code § 542A.007(d) bars attorney's fees absent a "presuit notice stating the specific amount alleged to be owed by the insurer" "on the claim for damage to or loss of covered property."  Tex. Ins. Code §§ 542A.007(d), 542A.003(b)(2).  According to Defendant the claims process was still ongoing when Plaintiffs sent their Damages Estimate, and Plaintiffs do not allege otherwise.[19]  The court has previously held that a damage estimate sent prior to an insurer's final coverage decision does not serve as presuit notice "since an insured's legal claim generally arises when coverage is denied."  <u>Gilbane Building Co., Inc. v. Swiss Re Corporate Solutions Elite Insurance Co.</u>, Civil Action No. H-22-2369, 2023 WL 2021014, at *2 (S.D. Tex. Feb. 15, 2023) (citing <u>Tadeo as Trustee of John E. Milbauer Trust v. Great Northern Insurance Co.</u>, Civil Action No. 3:20-CV-00147-G, 2020 WL 4284710, at *9 (N.D. Tex. July 27, 2020)).

---

[18]Defendant's Answer, Exhibit B to Notice of Removal, Docket Entry No. 1-2, pp. 1-2 ¶ A.

[19]Defendant's Reply, Docket Entry No. 8, p. 3 ¶ 6.

The July 30, 2022, Damages Estimate also does not appear to match the sums that Plaintiffs ultimately demanded. Plaintiffs' Damages Estimate lists a Replacement Cost Value of $102,954.66, and their Demand Letter requests $88,402.22 in Recoverable Cost Value, $56,185.98 in Recoverable Depreciation, and $78,936.05 in Actual Cash Value.[20] None of these amounts nor any combination thereof correspond to the $102,954.66 from Plaintiffs' Damages Estimate.[21] The Damages Estimate therefore cannot satisfy § 542A.003(b)(2), which expressly requires presuit notice to state "the specific amount alleged to be owed" (emphasis added).

Plaintiffs cite Nisha Hospitality LLC v. Scottsdale Insurance Co., Civil Action No. 3:22-cv-1811-X, 2022 WL 17417995, at *1 (N.D. Tex. Dec. 2, 2022) for the proposition that a damage estimate from the insured's adjuster satisfies § 542A.003(b)(2). For the reasons explained above, the court respectfully disagrees that an estimate submitted during the claims process is a presuit notice. But even if such estimates could qualify as a general matter, the damage estimate in the Nisha case matched the amount ultimately demanded. Id. at *1.

Because Plaintiffs never provided Defendant with a presuit notice stating "the specific amount alleged to be owed," the court

---

[20]Demand Letter, Exhibit A to Defendant's Reply, Docket Entry No. 8-1, p. 1. The Complaint does not specify any particular sums.

[21]Damages Estimate, Exhibit A to Plaintiffs' Response, Docket Entry No. 7-1, p. 20.

"may not award to [Plaintiffs] any attorney's fees." Tex. Ins. Code § 542A.007(d). Defendant's Motion to Preclude will therefore be granted. This applies to attorney's fees incurred in this action starting on the date Defendant filed its Answer — July 7, 2023. See id.

## IV. Conclusion and Order

Plaintiffs failed to provide Defendant with a presuit notice stating the specific amount alleged to be owed. Defendant Nationwide Property and Casualty Insurance Company's Opposed Motion to Deny Plaintiffs' Claim for Attorneys' Fees (Docket Entry No. 5) is therefore **GRANTED**. Plaintiffs will not be awarded attorneys' fees incurred in this action starting on July 7, 2023.

**SIGNED** at Houston, Texas, on this 15th day of September, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE